

FILED
VANESSA L. ARMSTRONG, CLERK

APR 17 2019

U.S. DISTRICT COURT
WEST'N DIST. KENTUCKY

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA

v.

**JOHN FRANK NABER III**
**CARA LEANN NABER**

INDICTMENT

NO. 3:19-CR-62-CHB

18 U.S.C. § 922(g)(1)
18 U.S.C. § 924(a)(2)
18 U.S.C. § 924(d)
18 U.S.C. § 924(e)(1)
18 U.S.C. § 982(a)(1)
18 U.S.C. § 1956(a)(1)(B)(i)
18 U.S.C. § 1956(h)
21 U.S.C. § 841(a)(1)
21 U.S.C. § 841(b)(1)(A)(viii)
21 U.S.C. § 853
28 U.S.C. § 2461
31 U.S.C. § 5317
31 U.S.C. § 5324(a)(3)

The Grand Jury charges:

COUNT 1
*(Possession with Intent to Distribute Methamphetamine)*

On or about February 22, 2019, in the Western District of Kentucky, Oldham County, Kentucky, the defendant, **JOHN FRANK NABER III**, knowingly and intentionally possessed with intent to distribute 500 grams or more of a mixture or substance containing a detectable amount of methamphetamine, a Schedule II controlled substance, as defined in Title 21, United States Code, Section 812.

In violation of Title 21, United States Code, Sections 841(a)(1) and 841(b)(1)(A)(viii).

The Grand Jury further charges:

## COUNT 2
*(Possession of a Firearm by a Prohibited Person)*

On or about February 22, 2019, in the Western District of Kentucky, Oldham County, Kentucky, the defendant, **JOHN FRANK NABER III**, being a person who had been convicted in a court of a crime punishable by imprisonment for a term exceeding one year, to wit:

> On or about September 18, 2018, in Jefferson Circuit Court, Jefferson County, Kentucky, in Case Number 18-CR-000743-003, **JOHN FRANK NABER III,** was convicted of the offense of Trafficking in a Controlled Substance, Marijuana, Eight or More Ounces but Less than Five Pounds, First Offense, in violation of Kentucky Revised Statute 218A.1421(3)(B), a Class D felony;

knowingly possessed, in and affecting interstate commerce, a firearm, specifically: a Desert Eagle semi-automatic handgun, bearing serial number DK0028427; a Beretta pistol, bearing serial number SZ019127; a Kimber Micro 9 pistol, bearing serial number PB0013339; an American Tactical 1911 pistol, bearing serial number GI114154; and a CZ 805 BREN assault rifle, bearing the serial number 233208.

In violation of Title 18, United States Code, Sections 922(g)(1) and 924(a)(2).

The Grand Jury further charges:

## COUNT 3
*(Money Laundering Conspiracy)*

From approximately March 2018 through February 2019, in the Western District of Kentucky and elsewhere, the defendants **JOHN FRANK NABER III** and **CARA LEANN NABER**, did knowingly conspire to commit an offense against the United States, in that: the defendants, knowing that the property involved in financial transactions represented the proceeds of some form of unlawful activity, namely trafficking in narcotics, in violation of 21 U.S.C. § 841, conducted and attempted to conduct such financial transactions, affecting interstate commerce,

which in fact involved the proceeds of trafficking in narcotics, a specified unlawful activity, with the intent to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of narcotics trafficking, in violation of 18 U.S.C. § 1956(a)(1)(B)(i).

### Manner and Means

The defendants conspired together to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of narcotics trafficking. Defendant **JOHN FRANK NABER III** engaged in narcotics trafficking activities for which he received cash proceeds. During the relevant time period from approximately March 2018 through February 2019, **JOHN FRANK NABER III** periodically provided these cash proceeds to his mother, codefendant **CARA LEANN NABER**. **CARA LEANN NABER** placed some of these cash proceeds in safety deposit boxes solely controlled by herself and an unindicted person known to the grand jury (hereinafter "Person One"), to conceal **JOHN FRANK NABER III** and his narcotics trafficking activity as the source of the narcotics trafficking proceeds. **CARA LEANN NABER** also deposited some of these proceeds from narcotics trafficking in various bank accounts controlled by, either individually or jointly, herself, Person One, and **JOHN FRANK NABER III,** and transferred funds between multiple accounts to further obscure the sources and control of the funds. **JOHN FRANK NABER III** and **CARA LEANN NABER** used some of the deposited cash proceeds to purchase Bitcoin, an unregulated cryptocurrency, in a Coinbase Bitcoin account in **CARA LEANN NABER**'s name. **JOHN FRANK NABER III** had actual custody and control of the Bitcoin purchased with proceeds of drug trafficking.

In furtherance of their conspiracy, **JOHN FRANK NABER III** and **CARA LEANN NABER** engaged in or caused numerous financial transactions in Oldham County, Kentucky and elsewhere. The following transactions are not exhaustive of those made in furtherance of the

conspiracy charged, but are illustrative of the manner and means by which the defendants undertook this conspiracy to launder narcotics trafficking proceeds.

Between April 4, 2018 and December 17, 2018 at least twenty cash deposits totaling approximately $154,330 were made to accounts held at PNC Bank under the name Person One, over which **CARA LEANN NABER** had power of attorney and actual custody and control (accounts ending in x1855 and x8478). During the same time period approximately $105,177 was transferred electronically from the aforementioned PNC Bank accounts into a PNC Bank account ending in x7356, over which **JOHN FRANK NABER III** had joint signatory authority and control with Person One and **CARA LEANN NABER**. Of the $105,177 that was transferred to the PNC Bank account ending in x7356, approximately $63,426 was then transferred to a PNC Bank account ending in x8789, over which **JOHN FRANK NABER III** had sole signature authority and control. This process is called "layering" and indicates an effort to conceal the true source of funds by moving the funds through multiple accounts (i.e. layers).

In addition to moving funds between accounts, **JOHN FRANK NABER III** and **CARA LEANN NABER** engaged in concealment money laundering through purchases of Bitcoin. The table below is not exhaustive of this activity, but details specific transactions where funds were transferred to the PNC Bank Account ending in x8478 from the PNC Bank account ending in x1855 (both under the name Person One and over which **CARA LEANN NABER** had actual custody and control) closely match subsequent purchases of Bitcoin. At all times, **JOHN FRANK NABER III** had actual custody and control over all of the Bitcoin purchases made from the PNC accounts listed in his parents' names.

| Date | Transaction Description | Bitcoin Purchases | Transfer Amount |
| --- | --- | --- | --- |
| 03/28/2018 | Online Transfer From x1855 | | $3,000.00 |
| 03/29/2018 | Web Payment to Coinbase.com | $3,000.00 | |

| Date | Description | Amount | Amount |
|---|---|---|---|
| 03/30/2018 | Online Transfer From x1855 | | $4,670.00 |
| 04/02/2018 | Web Payment to Coinbase.com | $4,670.00 | |
| 04/04/2018 | Online Transfer From x1855 | | $3,000.00 |
| 04/04/2018 | Web Payment to Coinbase.com | $3,000.00 | |
| 04/10/2018 | Online Transfer From x1855 | | $5,470.00 |
| 04/11/2018 | Web Payment to Coinbase.com | $5,470.00 | |
| 04/16/2018 | Online Transfer From x1855 | | $2,000.00 |
| 04/16/2018 | Web Payment to Coinbase.com | $2,001.00 | |
| 04/23/2018 | Online Transfer From x1855 | | $4,610.00 |
| 04/23/2018 | Web Payment to Coinbase.com | $4,610.00 | |
| 06/18/2018 | Online Transfer From x1855 | | $4,125.00 |
| 06/18/2018 | Online Transfer From x1855 | | $5,000.00 |
| 06/18/2018 | Online Transfer To x7356 | | -$1,000.00 |
| 06/19/2018 | Online Transfer From x1855 | | $3,000.00 |
| 06/19/2018 | Web Payment to Coinbase.com | $3,125.00 | |
| 06/19/2018 | Web Payment to Coinbase.com | $5,000.00 | |
| 06/19/2018 | Web Payment to Coinbase.com | $3,000.00 | |
| 06/25/2018 | Online Transfer From x1855 | | $6,074.00 |
| 06/25/2018 | Web Payment to Coinbase.com | $6,074.00 | |
| 06/26/2018 | Online Transfer From x1855 | | $5,255.00 |
| 06/26/2018 | Web Payment to Coinbase.com | $5,255.00 | |

By depositing cash proceeds in both safety deposit boxes and in traditional bank accounts not in **JOHN FRANK NABER III**'s name, transferring money between various bank accounts to layer funds, and using drug proceeds to purchase Bitcoin, and by other means, defendants **JOHN FRANK NABER III** and **CARA LEANN NABER** acted in concert to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of narcotics trafficking.

In violation of Title 18 United States Code, Section 1956(h).

5

The Grand Jury further charges:

## COUNTS 4-12
*(Structuring Financial Transactions)*

On or about the dates set forth below, in the Western District of Kentucky, defendant **CARA LEANN NABER** did, for the purpose of evading the reporting requirements imposed upon domestic financial institutions under Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, structure transactions with the domestic financial institution PNC Bank, NA, by depositing or causing to be deposited currency in the amounts set forth below:

| Count | Date | Amount | PNC Bank Account |
|---|---|---|---|
| 4 | 04/17/2018 | $9,500 | x1855 |
| 5 | 05/25/2018 | $9,720 | x8478 |
| 6 | 05/30/2018 | $9,220 | x8478 |
| 7 | 06/01/2018 | $9,780 | x8478 |
| 8 | 06/04/2018 | $9,009 | x8478 |
| 9 | 06/14/2018 | $9,865 | x8478 |
| 10 | 06/26/2018 | $9,906 | x8478 |
| 11 | 07/03/2018 | $9,780 | x1855 |
| 12 | 09/25/2018 | $9,040 | x8478 |
| | Total | $85,820 | |

In violation of Title 31, United States Code, Section 5324(a)(3).

## NOTICE OF FORFEITURE

As a result of committing violations of Title 21, United States Code, Section 841, Title 18, United States Code, Section 922(g)(1), 18 U.S.C. § 1956(h), 18 U.S.C. § 1956(a)(1)(B)(i), and 31 U.S.C. § 5324(a)(3), as specifically charged in this Indictment, the defendants, **JOHN FRANK NABER III** and **CARA LEANN NABER**, shall forfeit to the United States any and all property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of

these offenses, and any and all of the defendants' property used, or intended to be used, in any manner or part, to commit or to facilitate the offenses and property involved therein, and all property traceable to such property, including but not limited to:

1. Real property located at 929 Brentwood Ave Louisville, KY 40026;
2. Real property located at 10415 West Highway 42, Goshen, KY 40026;
3. Money Judgment for the proceeds of these offenses;
4. $326,703.00 in United States Currency;
5. Bitcoin previously seized during the course of the investigation;
6. Desert Eagle semi-automatic handgun, bearing serial number DK0028427;
7. Beretta pistol, bearing serial number SZ019127;
8. Kimber Micro 9 pistol, bearing serial number PB0013339;
9. American Tactical 1911 pistol, bearing serial number GI114154; and
10. CZ 805 BREN assault rifle, bearing the serial number 233208.

Pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, Title 18 United States Code, Section 982(a)(1), and Title 31, United States Code, Section 5317.

If any of the property described above, as a result of any act or omission of the defendants,

    a.    cannot be located upon the exercise of due diligence;

    b.    has been transferred or sold to, or deposited with, a third party;

    c.    has been placed beyond the jurisdiction of the court;

    d.    has been substantially diminished in value; or

    e.    has been commingled with other property which cannot be divided without difficulty;

the United States of America shall be entitled to forfeiture of substitute property pursuant to Title 21, United States Code, Section 853(p), up to the value of the above-described property.

A TRUE BILL.

FOREPERSON

*Russell M. Coleman* (signature)
RUSSELL M. COLEMAN
UNITED STATES ATTORNEY

RMC:CEK:RBB

UNITED STATES OF AMERICA v. **JOHN FRANK NABER III** and **CARA LEANN NABER**

## PENALTIES

Count 1: NL 10 yrs. / NM Life / $10,000,000 / both / NL 5 yrs. / NM Life Supervised Release
Count 2: NM 10 yrs. / $250,000 / both / NM 3 yrs. Supervised Release
Count 3: NM 20 yrs./$250,000/both/NM 3 yrs. Supervised Release
Counts 4-12: NM 5 yrs./$250,000/both/NM 3 yrs. Supervised Release
Forfeiture

## NOTICE

### ANY PERSON CONVICTED OF AN OFFENSE AGAINST THE UNITED STATES SHALL BE SUBJECT TO SPECIAL ASSESSMENTS, FINES, RESTITUTION & COSTS.

SPECIAL ASSESSMENTS

18 U.S.C. § 3013 requires that a special assessment shall be imposed for each count of a conviction of offenses committed after November 11, 1984, as follows:

| | | | |
|---|---|---|---|
| Misdemeanor: | $ 25 per count/individual | Felony: | $100 per count/individual |
| | $125 per count/other | | $400 per count/other |

FINES

In addition to any of the above assessments, you may also be sentenced to pay a fine. Such fine is due <u>immediately</u> unless the court issues an order requiring payment by a date certain or sets out an installment schedule. You shall provide the United States Attorney's Office with a current mailing address for the entire period that any part of the fine remains unpaid, or you may be held in contempt of court. 18 U.S.C. § 3571, 3572, 3611, 3612

**<u>Failure to pay fine as ordered may subject you to the following</u>:**

1. **INTEREST** and **PENALTIES** as applicable by law according to last date of offense.

   <u>For offenses occurring after December 12, 1987:</u>

   No **INTEREST** will accrue on fines under $2,500.00.

   **INTEREST** will accrue according to the Federal Civil Post-Judgment Interest Rate in effect at the time of sentencing. This rate changes monthly. Interest accrues from the first business day following the two week period after the date a fine is imposed.

   **PENALTIES** of:

   10% of fine balance if payment more than 30 days late.

   15% of fine balance if payment more than 90 days late.

2. Recordation of a **LIEN** shall have the same force and effect as a tax lien.

3. Continuous **GARNISHMENT** may apply until your fine is paid.

18 U.S.C. §§ 3612, 3613

   If you **WILLFULLY** refuse to pay your fine, you shall be subject to an **ADDITIONAL FINE** of not more than the greater of $10,000 or twice the unpaid balance of the fine; or **IMPRISONMENT** for not more than 1 year or both. 18 U.S.C. § 3615

RESTITUTION

If you are convicted of an offense under Title 18, U.S.C., or under certain air piracy offenses, you may also be ordered to make restitution to any victim of the offense, in addition to, or in lieu of any other penalty authorized by law. 18 U.S.C. § 3663

APPEAL

If you appeal your conviction and the sentence to pay your fine is stayed pending appeal, the court shall require:

1. That you deposit the entire fine amount (or the amount due under an installment schedule during the time of your appeal) in an escrow account with the U.S. District Court Clerk, or

2. Give bond for payment thereof.

18 U.S.C. § 3572(g)

PAYMENTS

If you are ordered to make payments to the U.S. District Court Clerk's Office, certified checks or money orders should be made payable to the Clerk, U.S. District Court and delivered to the appropriate division office listed below:

LOUISVILLE:       Clerk, U.S. District Court
                  106 Gene Snyder U.S. Courthouse
                  601 West Broadway
                  Louisville, KY 40202
                  502/625-3500

BOWLING GREEN:    Clerk, U.S. District Court
                  120 Federal Building
                  241 East Main Street
                  Bowling Green, KY 42101
                  270/393-2500

OWENSBORO:        Clerk, U.S. District Court
                  126 Federal Building
                  423 Frederica
                  Owensboro, KY 42301
                  270/689-4400

PADUCAH:          Clerk, U.S. District Court
                  127 Federal Building
                  501 Broadway
                  Paducah, KY 42001
                  270/415-6400

If the court finds that you have the present ability to pay, an order may direct imprisonment until payment is made.

FORM DBD-34
JUN.85

No. _____

# UNITED STATES DISTRICT COURT
Western District of Kentucky
At Louisville

THE UNITED STATES OF AMERICA
vs.
## JOHN FRANK NABER III
## CARA LEANN NABER

### INDICTMENT

#### Count 1
*Possession with Intent to Distribute Methamphetamine*
21 U.S.C. §§841(a)(1) and 841(b)(1)(A)(viii)

#### Count 2
*Possession of a Firearm by a Prohibited Person*
18 U.S.C. §§922(g)(1) and 924(a)(2)

#### Count 3
*Money Laundering Conspiracy*
18 U.S.C. §1956(h)

#### Count 4
*Structuring Financial Transactions*
31 U.S.C. §5324(a)(3)

### Forfeiture

*A true bill.*

_____
Foreperson

*Filed in open court this 17th day of April, 2019.*

FILED
VANESSA L. ARMSTRONG, CLERK
APR 17 2019                  Clerk
U.S. DISTRICT COURT
WEST'N DIST. KENTUCKY

Bail, $