UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF KENTUCKY
AT LOUISVILLE

UNITED STATES OF AMERICA                                              PLAINTIFF

v.                                            CRIMINAL NO. 3:19-CR-062-BJB

CARA LEANN NABER                                                      DEFENDANT

**PLEA AGREEMENT**

Pursuant to Rule 11(c)(1)(C) of the Federal Rules of Criminal Procedure, the United States of America, by Michael A. Bennett, Acting United States Attorney for the Western District of Kentucky, and defendant, Cara Leann Naber, and her attorneys, David Lambertus and Keith Kamenish, have agreed upon the following:

1. Defendant acknowledges that she has been charged in the Indictment in this case with violations of Title 18 United States Code, Section 1956(h) and Title 31, United States Code, Section 5324(a)(3). Defendant further acknowledges that the Indictment in this case seeks forfeiture of any and all property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the offenses charged in the indictment, and any and all of the defendants' property used, or intended to be used, in any manner or part, to commit or to facilitate the offenses and property involved therein, and all property traceable to such property, Pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, Title 18 United States Code, Section 982(a)(1), and Title 31, United States Code, Section 5317.

2. Defendant has read the charges against her contained in the Indictment, and those charges have been fully explained to her by her attorney. Defendant fully understands the nature and elements of the crimes with which she has been charged.

3. Defendant will enter a voluntary plea of guilty to Counts 3 through 12 in this case. Defendant will plead guilty because she is in fact guilty of the charges. The parties agree to the following factual basis for this plea:

From approximately March 2018 through February 2019, in the Western District of Kentucky and elsewhere, **CARA LEANN NABER**, knowingly participated in a conspiracy to carry out concealment money laundering. In doing so, she conducted and attempted to conduct financial transactions, affecting interstate commerce, which involved the proceeds of trafficking in narcotics, a specified unlawful activity, with the intent to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds, in violation of 18 U.S.C. § 1956(a)(1)(B)(i), when she had reason to know that the property involved in financial transactions represented the proceeds of some form of unlawful activity.

During the relevant time period from approximately March 2018 through February 2019, codefendant John Frank Naber III periodically provided these cash proceeds to his mother, **CARA LEANN NABER**. **CARA LEANN NABER** placed some of these cash proceeds in safety deposit boxes solely controlled by herself and an unindicted person known to the grand jury (hereinafter "Person One"), to conceal the source of the proceeds. **CARA LEANN NABER** also deposited some of these proceeds from narcotics trafficking in various bank accounts controlled by, either individually or jointly, herself, Person One, and John Frank Naber III, and transferred funds between multiple accounts to further obscure the sources and control of the funds. John Frank Naber III and **CARA LEANN NABER** used some of the deposited cash proceeds to purchase Bitcoin, an unregulated cryptocurrency, in a Coinbase Bitcoin account in **CARA LEANN NABER**'s name. John Frank Naber III had actual custody and control of the Bitcoin purchased with proceeds of drug trafficking.

In furtherance of their conspiracy, John Frank Naber III and **CARA LEANN NABER** engaged in or caused numerous financial transactions in Oldham County, Kentucky and elsewhere. The following transactions are not exhaustive of those made in furtherance of the conspiracy charged, but are illustrative of the manner and means by which the defendants undertook this conspiracy to launder narcotics trafficking proceeds.

Between April 4, 2018 and December 17, 2018 at least twenty cash deposits totaling approximately $154,330 were made to accounts held at PNC Bank under the name Person One, over which **CARA LEANN NABER** had power of attorney and actual custody and control (accounts ending in x1855 and x8478). During the same time period approximately $105,177 was transferred electronically from the aforementioned PNC Bank accounts into a PNC Bank account ending in x7356, over which **JOHN FRANK NABER III** had joint signatory authority and control

with Person One and **CARA LEANN NABER**. Of the $105,177 that was transferred to the PNC Bank account ending in x7356, approximately $63,426 was then transferred to a PNC Bank account ending in x8789, over which **JOHN FRANK NABER III** had sole signature authority and control. This process is called "layering" and indicates an effort to conceal the true source of funds by moving the funds through multiple accounts (i.e. layers).

In addition to moving funds between accounts, John Frank Naber III and **CARA LEANN NABER** engaged in concealment money laundering through purchases of Bitcoin from at least March of 2018 through June of 2018 where funds were transferred to the PNC Bank Account ending in x8478 from the PNC Bank account ending in x1855 (both under the name Person One and over which **CARA LEANN NABER** had actual custody and control) closely match subsequent purchases of Bitcoin purchased on Coinbase.com. At all times, John Frank Naber III had actual custody and control over all of the Bitcoin purchases made from the PNC accounts listed in the names **CARA LEANN NABER** and Person One.

By depositing cash proceeds in both safety deposit boxes and in traditional bank accounts not in John Frank Naber III's name, transferring money between various bank accounts to layer funds, and using drug proceeds to purchase Bitcoin, and by other means, defendants John Frank Naber III and **CARA LEANN NABER** acted in concert to conceal or disguise the nature, the location, the source, the ownership, or the control of the proceeds of unlawful activity.

On or about the dates set forth below, in the Western District of Kentucky, defendant **CARA LEANN NABER** did, for the purpose of evading the reporting requirements imposed upon domestic financial institutions under Title 31, United States Code, Section 5313(a), and the regulations promulgated thereunder, structure transactions with the domestic financial institution PNC Bank, NA, by depositing or causing to be deposited currency in the amounts set forth below:

| Count | Date | Amount | PNC Bank Account |
|---|---|---|---|
| 4 | 04/17/2018 | $9,500 | x1855 |
| 5 | 05/25/2018 | $9,720 | x8478 |
| 6 | 05/30/2018 | $9,220 | x8478 |
| 7 | 06/01/2018 | $9,780 | x8478 |
| 8 | 06/04/2018 | $9,009 | x8478 |
| 9 | 06/14/2018 | $9,865 | x8478 |
| 10 | 06/26/2018 | $9,906 | x8478 |
| 11 | 07/03/2018 | $9,780 | x1855 |
| 12 | 09/25/2018 | $9,040 | x8478 |
| | **Total** | $85,820 | |

4. Defendant understands that the charges to which she will plead guilty carry a combined maximum term of imprisonment of 65 years, a combined maximum fine of $2,500,000, and a term of supervised release supervised release of three years. Defendant understands that an additional term of imprisonment may be ordered if the terms of the supervised release are violated, as explained in 18 U.S.C. § 3583. Defendant understands that as a result of the charges to which she will plead guilty she may be ordered to forfeit any and all property constituting, or derived from, proceeds the defendant obtained, directly or indirectly, as a result of the offenses charged in the indictment, and any and all of the defendants' property used, or intended to be used, in any manner or part, to commit or to facilitate the offenses and property involved therein, and all property traceable to such property, Pursuant to Title 21, United States Code, Section 853, Title 18, United States Code, Section 924(d), and Title 28, United States Code, Section 2461, Title 18 United States Code, Section 982(a)(1), and Title 31, United States Code, Section 5317.

5. Defendant recognizes that pleading guilty may have consequences with respect to her immigration status if she is not a citizen of the United States. Under federal law, a broad range of crimes are removable offenses, which may include the offense to which Defendant is pleading guilty. In addition, if he is a naturalized citizen, Defendant acknowledges that certain convictions, which may include Defendant's conviction, may expose her to denaturalization under federal law. Because removal, denaturalization, and other immigration consequences are handled in separate proceedings, Defendant understands that no one, including her attorney or the U.S. District Court, can predict with certainty how hers conviction may affect her immigration, naturalization, or citizenship status. Defendant agrees to plead guilty with a full understanding

4

that this guilty plea may lead to adverse immigration consequences, including denaturalization and possible automatic removal from the United States.

6. Defendant understands that if a term of imprisonment of more than one year is imposed, the Sentencing Guidelines require a term of supervised release and that she will then be subject to certain conditions of release. §§5D1.1, 5D1.2, 5D1.3.

7. Defendant understands that by pleading guilty, she surrenders certain rights set forth below. Defendant's attorney has explained those rights to her and the consequences of her waiver of those rights, including the following:

    A. If defendant persists in a plea of not guilty to the charges against her, she has the right to a public and speedy trial. The trial could either be a jury trial or a trial by the judge sitting without a jury. If there is a jury trial, the jury would have to agree unanimously before it could return a verdict of either guilty or not guilty. The jury would be instructed that defendant is presumed innocent and that it could not convict her unless, after hearing all the evidence, it was persuaded of defendant's guilt beyond a reasonable doubt.

    B. At a trial, whether by a jury or a judge, the United States would be required to present its witnesses and other evidence against defendant. Defendant would be able to confront those government witnesses and her attorney would be able to cross-examine them. In turn, defendant could present witnesses and other evidence in her own behalf. If the witnesses for defendant would not appear voluntarily, she could require their attendance through the subpoena power of the Court.

C. At a trial, defendant would have a privilege against self-incrimination and she could decline to testify, without any inference of guilt being drawn from her refusal to testify. If defendant desired to do so, she could testify in her own behalf.

8. Defendant understands that the United States Attorney's Office has an obligation to fully apprise the District Court and the United States Probation Office of all facts pertinent to the sentencing process, and to respond to all legal or factual inquiries that might arise either before, during, or after sentencing. Defendant admits all acts and essential elements of the indictment counts to which she pleads guilty.

9. Defendant acknowledges liability for the special assessment mandated by 18 U.S.C. § 3013 and will pay the assessment in the amount of $1,000 to the United States District Court Clerk's Office by the date of sentencing.

10. At the time of sentencing, the United States will

-agree that the appropriate disposition of this case is: a sentence of imprisonment of 12 to 18 months, to be followed by an additional term of home incarceration determined at the Court's discretion, and 1,000 hours of community service per year of supervision at the direction of the USPO.

-agree that a fine of $100,000, is appropriate, and is to be due and payable on the date of sentencing.[1]

-agree that a reduction of 3 levels below the otherwise applicable Guideline for "acceptance of responsibility" as provided by §3E1.1(a) and (b) is appropriate, provided the defendant does not engage in future conduct which violates any federal or state law, violates a condition of bond, constitutes obstruction of justice, or otherwise demonstrates a lack of acceptance of responsibility. Should such conduct occur and the United States, therefore, opposes the reduction for acceptance, this plea agreement remains

---

[1] The defendant acknowledges that he has read the Notice and Penalty Pages attached to the Indictment/Information, and that he understands the interest and penalty provisions applicable to the fine imposed and included in the Judgment entered by the Court, said Notice and Penalty Pages are incorporated herein by reference.

6

> binding and the defendant will not be allowed to withdraw her plea.
>
> -demand forfeiture of: the defendant's interest in all cash, Bitcoin, and other currency previously seized during the course investigation; the defendant's interest in all firearms previously seized in the course of the investigation; and an additional Asset Forfeiture Money Judgment in the amount of $420,000 to be paid in full at the time of sentencing.

11. Both parties have independently reviewed the Sentencing Guidelines applicable in this case, and in their best judgment and belief, conclude as follows:

   A. The Applicable Offense Level should be determined by the United States Probation Office.

   B. The Criminal History of defendant shall be determined upon completion of the presentence investigation, pursuant to Fed. R. Crim. P. 32(c). Both parties reserve the right to object to the USSG §4A1.1 calculation of defendant's criminal history. The parties agree to not seek a departure from the Criminal History Category pursuant to §4A1.3.

12. Defendant is aware of her right to appeal her conviction and that 18 U.S.C. § 3742 affords a defendant the right to appeal the sentence imposed. Unless based on claims of ineffective assistance of counsel or prosecutorial misconduct, the Defendant knowingly and voluntarily waives the right (a) to directly appeal her conviction and the resulting sentence pursuant to Fed. R. App. P. 4(b) and 18 U.S.C. § 3742, and (b) to contest or collaterally attack her conviction and the resulting sentence under 28 U.S.C. § 2255 or otherwise. Defendant specifically waives on appeal or in a collateral attack any argument that (1) the statutes to which the defendant is pleading guilty are unconstitutional and (2) the admitted conduct does not fall within the scope of the statutes.

13. Defendant agrees to waive any double jeopardy challenges that defendant may have to any administrative or civil forfeiture actions arising out of the course of conduct that provide the factual basis for this Indictment. Defendant further agrees to waive any double jeopardy challenges that defendant may have to the charges in this Indictment based upon any pending or completed administrative or civil forfeiture actions.

14. Defendant waives and agrees to waive any rights under the Speedy Trial Act and understands and agrees that sentencing may be delayed until the cooperation phase has been completed and title to all forfeited assets has fully vested in the United States. The reason for such waiver is so that at sentencing the Court will have the benefit of all relevant information.

15. Defendant agrees not to pursue or initiate any civil claims or suits against the United States of America, its agencies or employees, whether or not presently known to defendant, arising out of the investigation or prosecution of the offenses covered by this Agreement.

16. The defendant hereby waives all rights, whether asserted directly or by a representative, to request or receive from any department or agency of the United States any records pertaining to the investigation or prosecution of this case, including without limitation any records that may be sought under the Freedom of Information Act, 5 U.S.C. § 552, or the Privacy Act of 1974, 5 U.S.C. § 552a.

17. Defendant agrees to interpose no objection to the United States transferring evidence or providing information concerning defendant and this offense, to other state and federal agencies or other organizations, including, but not limited to the Internal Revenue Service, other law enforcement agencies, and any licensing and regulatory bodies, or to the entry of an order under Fed. R. Crim. P. 6(e) authorizing transfer to the Examination Division of the

Internal Revenue Service of defendant's documents, or documents of third persons, in possession of the Grand Jury, the United States Attorney, or the Criminal Investigation Division of the Internal Revenue Service.

18. Defendant agrees to forfeit and abandon any right to any and all evidence and property seized during the course of this investigation (including but not limited to any item subject to forfeiture), and waives any right to seek the return of any property pursuant to Fed. R. Crim. P. 41 or otherwise. Defendant understands and agrees that items seized during the course of this investigation will be destroyed or otherwise disposed of by the seizing law enforcement agency.

19. If the Court refuses to accept this agreement and impose sentence in accordance with its terms pursuant to Fed. R. Crim. P. 11(c)(1) (C), this Agreement will become null and void and neither party shall be bound thereto, and defendant will be allowed to withdraw the plea of guilty.

20. Defendant agrees that the disposition provided for within this Agreement is fair, taking into account all aggravating and mitigating factors. Defendant states that she has informed the United States Attorney's Office and the Probation Officer, either directly or through her attorney, of all mitigating factors. Defendant will not oppose imposition of a sentence incorporating the disposition provided for within this Agreement, nor argue for any other sentence. If Defendant argues for any sentence other than the one to which she has agreed, she is in breach of this Agreement. Defendant agrees that the remedy for this breach is that the United States is relieved of its obligations under this Agreement, but Defendant may not withdraw her guilty plea because of her breach.

21. This document and the supplemental plea agreement state the complete and only Plea Agreements between the United States Attorney for the Western District of Kentucky and defendant in this case, and are binding only on the parties to this Agreement, supersedes all prior understandings, if any, whether written or oral, and cannot be modified other than in writing that are signed by all parties or on the record in Court. No other promises or inducements have been or will be made to defendant in connection with this case, nor have any predictions or threats been made in connection with this plea.

AGREED:

MICHAEL A. BENNETT
Acting United States Attorney

By: _____     10/4/21
Corinne E. Keel                       Date
Assistant United States Attorney

I have read this Agreement and carefully reviewed every part of it with my attorney. I fully understand it and I voluntarily agree to it.

_____          10/4/21
Cara Leann Naber                      Date
Defendant

I am the defendant's counsel. I have carefully reviewed every part of this Agreement with the defendant. To my knowledge my client's decision to enter into this Agreement is an informed and voluntary one.

_____          10-4-21
David Lambertus                       Date
Counsel for Defendant

_____  	 10/4/21
Keith Kamenish                    Date
Counsel for Defendant


MAB:CEK